GREENBERG TRAURIG, LLP
Jon T. Neumann, SBN 018858
Jessica D. Kemper, SBN 035670
2375 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000
neumannj@gtlaw.com
Jessica.Kemper@gtlaw.com

DAY PITNEY LLP
Richard H. Brown (*pro hac vice* application forthcoming)
Stephen R. Catanzaro (*pro hac vice* application forthcoming)
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
rbrown@daypitney.com
scatanzaro@daypitney.com

*Attorneys for Signify Health, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Phelps, for himself and on behalf of all others similarly situation [sic],<br><br>Plaintiff,<br><br>v.<br><br>Signify Health, a Delaware Corporation and DOES 1-10,<br><br>Defendants. | Case No. _____<br><br>(Superior Court of Arizona, Maricopa County, Case No. CV2024-034727)<br><br>**DEFENDANT SIGNIFY HEALTH, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant Signify Health LLC, a limited liability company organized and existing under the laws of the State of Delaware ("Signify Health"), files this Notice of Removal and in support of this Notice states as follows:

1.  This action was commenced in the Superior Court of the State of Arizona, in the County of Maricopa, by the filing of a Complaint on December 3, 2024, by Plaintiff Jon Phelps, for himself and on behalf of all others similarly situated, against Signify Health. (*Phelps v. Signify Health* (Docket Number CV2024-034727)) (the "State Court matter").

2. On December 10, 2024, Signify Health was served with a copy of the Summons and Complaint by process server.

3. A true and complete copy of the Civil Cover Sheet is attached as **Exhibit 1** to the Declaration of Jessica D. Kemper filed concurrently with this Notice of Removal ("Kemper Decl."). A true and complete copy of the Supplemental Civil Cover Sheet is attached as **Exhibit 2** to the Kemper Declaration. A true and complete copy of the docket in the State Court matter, as of December 26, 2024, is attached to the Kemper Declaration as **Exhibit 3**. A true and complete copy of the Complaint in the State Court matter is attached to the Kemper Declaration as **Exhibit 4**. A true and complete copy of the Affidavit of Service is attached to the Kemper Declaration as **Exhibit 5**. True and complete copies of the Summons, Civil Cover Sheet, and Certificate of Compulsory Arbitration that was served on Signify Health and the undersigned understands was filed in the State Court matter are attached to the Kemper Declaration as **Exhibit 6**. The Complaint includes "Does 1-10" as part of the caption, but as discussed below, there are no claims asserted against any of those unnamed and unidentified "Does".

4. The Complaint, Summons, Civil Cover Sheet, Certificate of Compulsory Arbitration, and Affidavit of Service (*see* Kemper Decl., Exs. 4-6) constitute all the process, pleadings, or orders received by Signify Health or filed in the State Court matter. To Signify Health's knowledge, no other hearings or other proceedings have taken place in that matter. Pursuant to LRCiv 3.6(b), Signify Health's undersigned counsel verifies that true and correct copies of all pleadings and other documents filed in this state court proceeding or served on Signify Health have been filed with this Notice. *See* Kemper Decl.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), since it is being filed within 30 days after service of the initial pleading or document (*i.e.*, the Summons and Complaint) that provides the grounds for this removal petition (*i.e.*, based on federal question jurisdiction) on Signify Health.

6. Removal is appropriate for civil actions over which the district courts have original jurisdiction. 28 U.S.C. §1441(a). *See United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008). "Congress granted federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019) (quoting 28 U.S.C. § 1331). Federal question jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1331 is clear in this case, where the sole cause of action is an alleged violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).

7. Federal question jurisdiction exists "where federal law creates the cause of action." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). That is the case here.

8. The Complaint asserts a single federal law claim under the TCPA against Signify Health. The claim, Count I of the Complaint, alleges that Signify Health violated Section 227(b)(1)(A)(iii) of the TCPA. (*See* Kemper Decl., Ex. 3, ¶ 69). Because the Complaint that asserts a cause of action under federal statutory law against Signify Health and this Notice of Removal is being filed within 30 days of service of the Summons and Complaint in the State Court matter, this Notice of Removal meets the requirements for removal under 28 U.S.C. 1441(a).

9. Despite the Complaint's caption identifying "Does 1-10," the Complaint does not identify or name any of these unknown entities or individuals. The allegations in the Complaint are directed against a single defendant, Signify Health, not against any of these unnamed DOE entities or individuals. With no claims asserted against any of the "DOES 1-10," they are not joined in the case, so there is no requirement to obtain any consent to remove the State Court matter. *See* 28 U.S.C. §1446(b)(2)(A) (requiring consent only of defendants who "have been properly joined and served").

3

10. Yet, even if these unknown entities or individuals were deemed to have been joined as "defendants" in this matter, there is no obligation for Signify Health to obtain consent from these unknown and fictitious "parties." Nothing in the Complaint provides any identification of those entities, and there is no way for Signify Health to identify if the "Does" are even real. Certainly, there is no evidence that they have been served and thus no consent is required. *Id*. *See Universal Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (stating that "the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties") (internal quotations and citation omitted). As a result, Signify Health has no obligation to obtain consent from any of these Doe 1-10 entities or individuals in order to remove this matter.

11. Venue is proper in the District of Arizona because it is the district court for the district and division where the state-court action is pending. *See* 28 U.S.C. §§ 82, 1441(a).

12. After filing this Notice of Removal, Signify Health will promptly serve written notice of this Notice of Removal on Plaintiff's counsel and file a true and correct copy of the same with the Clerk of the Superior Court of Arizona, in and for Maricopa County, in accordance with 28 U.S.C. § 1446(a) and (d) and LRCiv 3.6(a).

13. By this filing, Signify Health does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that the state or federal courts in Arizona have personal jurisdiction over it or that Plaintiff is entitled to any of the relief sought in the Complaint, or relief of any kind. Similarly, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Signify Health's right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, failure to state a claim, or any other procedural or substantive defense available to Signify Health. *See Wabash W. Ry. v. Brow*, 164 U.S. 271, 278–79 (1896) (noting that removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction).

14. Signify Health requests a trial by jury on all issues.

WHEREFORE, Signify Health hereby removes this action from the Superior Court of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona.

DATED this 27th day of December 2024.

By: */s/ Jessica D. Kemper*

**GREENBERG TRAURIG, LLP**
    Jon T. Neumann
    Jessica D. Kemper

**DAY PITNEY LLP**

    Richard H. Brown (*pro hac vice* application forthcoming)
    Stephen R. Catanzaro (*pro hac vice* application forthcoming)

*Attorneys for Defendant Signify Health, LLC*

5