SHANNON LINDNER LAW PLLC
PO BOX 36983
PHOENIX, AZ 85067
602-363-7725
Shannon Lindner (026688)
shannonlinderlaw@gmail.com
Counsel for Plaintiff Jon Phelps

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Phelps, for himself and on behalf of all others similarly situation,<br><br>                              Plaintiff;<br><br>v.<br><br>Signify Health, a **Delaware Limited Liability Company**;<br><br>                              Defendants. | Case No.: CV-24-03710-PHX-JTT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Jon Phelps, on his own behalf and on behalf of all others similarly situated, for his Complaint and cause of action against Signify Health alleges as follows:

## I.      PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff Jon Phelps ("Phelps") was a citizen of Arizona at all times material to this complaint.

2.   Defendant Signify Health LLC ("Signify Health") is a Delaware **Limited Liability Company**, with its principal office address at 4055 Valley View Lane, Suite 700, Dallas, Texas, 75244.

3.   This matter concerns a dispute in excess of $300,000.00.

4.   This Court has jurisdiction over this matter pursuant to A.R.S. § 12-123.

5. This Court has personal jurisdiction over Defendant Signify Health as it has minimum contacts and substantial relationships in the State of Arizona. Signify Health is registered with the Arizona Corporation Commission and has a statutory agent in Arizona.

6. Venue is proper in this Court pursuant to A.R.S. § 12-401.

7. Due to the class action allegations of this action, it is a Tier 3 case.

## II. SUMMARY OF THE CASE

8. Phelps' allegations are based upon personal knowledge as to himself and his own acts, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

9. Signify Health is located in Phoenix, Arizona.

10. Signify Health targets Arizona residents with calls using an artificial or prerecorded voice.

11. Phelps and Class Members have no prior contact, dealings, or relationship with Defendant, and never provided any personal information, including their cellular telephone numbers, to Defendant or otherwise authorized Defendant to contact Phelps and Class Members.

12. Nevertheless, Defendant embarked on an unsolicited campaign of harassment by phone call using an artificial or prerecorded voice, causing Phelps and Class Members injuries, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

13. During the four years prior to the filing of this complaint, Signify Health, by itself or through an intermediary or intermediaries, made or initiated phone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice and made or initiated phone calls using an artificial or prerecorded voice (that were identical or substantially the same as those made to Plaintiff) to each of the Class Members.

14. The subject phone calls using an artificial or prerecorded voice received by Phelps and each of the Class Members were made or initiated by or on behalf of Signify Health without the requisite prior "express consent" of Plaintiff or each of the Class Members.

15. Through this action, Phelps seeks injunctive relief to halt Defendant's illegal conduct.

16. Phelps also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

### III. **TCPA**

17. The Telephone Consumer Protection Act ("TCPA") prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded or voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

18. The TCPA prohibits communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368 (2012).

19. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

20. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. 47 U.S.C. § 227(b)(2). According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient. *See In re Rules and Regulations Implementing the Tel. Consumer Plot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (July 3, 2003). The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Id.* at 14114 ¶ 164 (July 3, 2003).

Moreover, because cellular telephones are carried on their owners' persons, unsolicited phone calls transmitted to such devices are distracting and aggravating to their recipients and intrude upon their recipients' seclusion. *See In re Rules and Regulations Implementing the Tel. Consumer Plot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8023 ¶ 124 (July 10, 2015).

21. A defendant must demonstrate that it obtained the plaintiff's prior express consent before using an automatic dialing system or an artificial or prerecorded voice to contact an individual. *Id.* at 7991 ¶ 152.

22. With respect to standing, the United States Court of Appeals for the Ninth Circuit held that:

> Unsolicited [] phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

23. Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of an unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA).

## IV. **GENERAL ALLEGATIONS**

24. Defendant embarked upon an intrusive campaign of harassment by phone call using an artificial or prerecorded voice to promote its business.

4

25. On August 16, 2024, and again on November 27, 2024, Defendant made a phone call using an artificial or prerecorded voice to Phelps's cellular telephone number ending in 2772 ("2772 Number") to deliver the following message:

> About a valuable service that is a part of your membership, if you could please call 855-215-1831. We're available from 7am to 7pm Central Standard Time, Monday through Friday. We look forward to hearing from you and have a great day.

26. **On December 6, 2024, and again on December 10, 2024, Defendant made a phone call using an artificial or prerecorded voice to Phelps's cellular telephone number ending in 2772 ("2772 Number") to deliver the following message:**

> **About a valuable service that is a part of your membership, if you could please call 855-215-1831. We're available from 7am to 7pm Central Standard Time, Monday through Friday. We look forward to hearing from you and have a great day.**

27. Phelps received the phone call using an artificial or prerecorded voice within the State of Arizona, therefore, Defendant's violations of the TCPA occurred within the State of Arizona.

28. Upon information and belief, Defendant caused similar phone calls using an artificial or prerecorded voice to be made or initiated to other individuals residing within Arizona.

29. At no point in time did Phelps provide Defendant with his express consent to be contacted by telephone using an artificial or prerecorded voice.

30. Phelps is the sole user of the 2772 Number.

31. It is unknown how Defendant obtained the 2772 Number.

32. The artificial or prerecorded voice is scripted so that it can be sent out *en masse* without variation.

33. Because Plaintiff's cellular telephone alerts him whenever he receives a phone call or voicemail message, receipt of the phone calls using an artificial or prerecorded voice

were a nuisance to Plaintiff, distracted Plaintiff, invaded Plaintiff's privacy, and intruded upon Plaintiff's seclusion.

34. Receipt of Defendant's phone calls using an artificial or prerecorded voice depleted the battery life of those phones and further interfered with the unencumbered access by Plaintiff and each of the Class Members to their respective cellular telephones.

35. Defendant's unsolicited phone calls using an artificial or prerecorded voice caused Phelps actual harm, including invasion of his privacy, aggravation, annoyance, and intrusion on seclusion.

36. Defendant's phone calls using an artificial or prerecorded voice also inconvenienced Phelps and caused disruption to his daily life.

37. The law is clear that phone calls to a phone number assigned to a cellular telephone network using an artificial or prerecorded voice violate the TCPA. See, *e.g.*, *Facebook v. Duguid*, 141 S. Ct. 1163, 1172 n.8 (2021) (recognizing that the TCPA "prohibit[s] 'artificial or prerecorded voice' calls irrespective of the type of technology used.")

38. Defendant's violations of the TCPA are therefore willful and knowing, which allows recovery of treble damages. *See*, *e.g.*, *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768 (11th Cir. 2011).

**V.     CLASS ALLEGATIONS**

39. Courts regularly certify class actions seeking redress under the TCPA. *See, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) (affirming certification of provisional class under TCPA).

**A. Proposed Class**

40. Phelps brings this case as a class action pursuant to Arizona Rule of Civil Procedure 23, on behalf of himself and all others similarly situated.

41. The proposed class members (the "Class") are readily ascertainable.

6

42. The number and identity of the Class are determinable from the records of Defendant.

43. For the purpose of notice and other purposes related to this action, upon information and belief, the names and addresses of the Class are readily available from Defendant.

44. Notice to the Class can be provided by means permissible under ARCP 23.

45. Phelps brings this case on behalf of the below defined Class:

> All persons within Arizona (1) who, within the four years prior to the filing of this Complaint; (2) received a phone call; (3) from Defendant or anyone on Defendant's behalf; (4) to the person's cellular telephone number; (5) using an artificial or prerecorded voice to deliver a message.

46. Defendant and their employees or agents are excluded from the Class.

47. Phelps does not know the number of members in the Class but believes the number to *at least* be in the thousands.

**B. Numerosity**

48. Upon information and belief, Defendant has made phone calls using an artificial or prerecorded voice to cellular telephone numbers belonging to thousands of individuals throughout Arizona without their prior express consent.

49. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.

50. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.

51. Identification of the Class members is a matter capable of ministerial determination from Defendant's records of phone calls using an artificial or prerecorded voice.

**C. Common Questions of Law and Fact**

52. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.

53. Among the questions of law and fact common to the Class are:

    a. Whether Defendant placed non-emergency phone calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice to deliver a message;

    b. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such phone calls;

    c. Whether Defendant's conduct was knowing and willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be permanently enjoined from such conduct in the future.

54. The common questions in this case will have common answers. If Phelps' claim that Defendant made phone calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services is accurate, Phelps and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

55. Defendant has acted on grounds equally applicable to the entire Class, making final relief appropriate to the Class as a whole.

**E. Adequacy of Representation**

56. Phelps can fairly and adequately protect the interests of the Class and has no interests antagonistic to the same; to the extent necessary and appropriate, additional putative representatives of the Class may be named as plaintiffs by way of amendment.

57. Plaintiff is represented by counsel who is experienced and competent in both class actions and consumer rights litigation.

58. Counsel is willing and able to devote the resources necessary for the successful prosecution of this action.

59. Phelps will fully and adequately assert and protect the interests of the Class and has retained competent counsel that has previous experience in class action litigation. *Jacob Howard, v. Republican National Committee*, 2:23-CV-00993-PHX-SPL, *appeal docketed*, No. 23-3826 (9th Cir. Nov. 29, 2023); *Zwicky v. Premiere Vacation Collection Owners Ass'n*, 244 Ariz. 228 (App. 2018). Accordingly, Phelps is an adequate representative and will fairly and adequately protect the interests of the Class.

### F. Superiority

60. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that individual actions would entail.

61. Further, the dollar amounts of each individual claim are too small to economically justify full-blown litigation efforts against Defendant with the result that most of the individual claims of the Class would otherwise go unremedied, and Defendant would be allowed to continue harassing people despite knowing that their conduct is illegal.

62. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

63. Individual litigation would also pose a risk of inconsistent adjudications on identical facts and identical legal issues.

64. Individual litigation may also be dispositive of the interests of the Class, although certain class members are not parties to such actions.

65. For the foregoing reasons, class treatment is superior to all other available methods for the fair and efficient adjudication of this lawsuit as it represents the most efficient

and effective use of the Court's limited resources and the most efficient and effective way of vindicating the rights of the Class.

## VI. CAUSE OF ACTION

### 1. COUNT I: VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

66. All foregoing allegations are incorporated herein by reference.

67. It is a violation of the TCPA "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

68. Defendant – or third parties directed by Defendant – made non-emergency phone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the other members of the Class.

69. These phone calls were made without regard to whether Defendant had first obtained express permission from the recipient to make such phone calls. In fact, Defendant did not have prior express consent to make phone calls phone calls using an artificial or prerecorded voice to the cellular phones of Plaintiff and the other members of the putative Class when its phone calls were made.

70. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by making non-emergency phone calls using an artificial or prerecorded voice to the cellular phones of Plaintiff and the other members of the putative Class without their prior express consent.

71. Defendant is liable for each such violation of the TCPA.

72. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

73. Because Defendant's actions were willful and knowing, Plaintiff and Class Members are entitled to treble damages.

74. Phelps and the class are also entitled to a permanent injunction against future phone calls using an artificial or prerecorded voice.

**WHEREFORE,** Phelps, for himself and on behalf of all others similarly situated, respectfully prays for the following relief:

A. A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

B. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

C. An injunction prohibiting Defendant from initiating phone calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephones without the prior express consent of the called party;

D. An award of actual and statutory damages;

E. An award of costs and reasonable attorney's fees incurred in the prosecution of the Class claims herein;

F. Certification of the Class for the claim brought herein pursuant to Arizona Rule of Civil Procedure 23;

G. Appointing Plaintiff as the representative of the Class;

H. Appointing the law firm representing Plaintiff as Class Counsel; and

I. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this ~~22nd~~ 6th day of ~~February~~March, 2025.

*/s/ Shannon A. Lindner*
Shannon A. Lindner (026688)
SHANNON LINDNER LAW PLLC
PO BOX 36983
Phoenix, AZ 85067
(602) 363-7725
shannonlindnerlaw@gmail.com
***Attorney for Plaintiff***

11